**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **CIMATRON GIBBS LLC,** | § | |
| | § | **Cause No.** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RELIANCE, INC. D/B/A BRALCO METALS** | § | |
| | § | |
| | § | |
| **And** | § | |
| | § | |
| | § | |
| | § | |
| **TERRY LOVELESS,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

Plaintiff Cimatron Gibbs LLC ("GibbsCAM") brings this action against Reliance, Inc. d/b/a BRALCO Metals ("BRALCO") and Terry Loveless ("Loveless") (collectively "Defendants") for copyright infringement and violations of the Digital Millennium Copyright Act's ("DMCA") anti-circumvention prohibitions, and shows the following:

## INTRODUCTION

1. This is a civil action seeking damages and injunctive relief arising out of the violation of GibbsCAM's intellectual property rights by Defendants BRALCO and Loveless.

2. GibbsCAM is in the business of developing innovative solutions for manufacturing, toolmaking and CNC programming applications in the automotive, aerospace, consumer electronics, toys, medical, optics and telecom industries. Among

the software programs developed and licensed by GibbsCAM in connection with its business is software known simply as GibbsCAM, a cutting-edge computer-aided manufacturing ("CAM") system for programming CNC machine tools that can drive CNC milling, turning, mill-turn or wire EDM machines performing 2-axis turning and 2.5 axis milling, to 3-, 4- and 5-axis simultaneous and the most complex multi-spindle, multi-turret, multi-tasking and Swiss-style MTM machines. GibbsCAM is world renowned.

3. GibbsCAM is the owner of copyrights in artistic and literary works comprising the source code and object code versions and associated user documentation of the GibbsCAM software suite (the "Copyrighted Works"). GibbsCAM releases regular updates and new versions of its software products, including the GibbsCAM software comprising the Copyrighted Works ("GibbsCAM Software"). GibbsCAM Software is protected by at least U.S. Copyright Registration Nos. TX0009400986 and TX0009501525.

4. GibbsCAM licenses its highly valuable GibbsCAM Software to its customers. GibbsCAM prevents unauthorized access of the GibbsCAM Software through the use of technological measures. GibbsCAM's license agreement, which all users see on their computer screens and to which all users must agree to in order to use the GibbsCAM Software, states the GibbsCAM Software may collect information to determine if modifications to certain code files have been made or if there is suspected or confirmed unauthorized access to or use of the GibbsCAM Software.

5. According to Defendant BRALCO's website, BRALCO is "A Global Leader in Business Since 1946" with locations in Los Angeles, California, Albuquerque, New Mexico, Wichita, Kansas, Phoenix, Arizona, Salt Lake City, Utah, Denver Colorado, Seattle, Washington and Dallas, Texas.[1] BRALCO has been approved as an OEM manufacturer by companies such as Boeing, Airbus, Bombardier, Honeywell, Gulfstream, Raytheon, Bell Helicopter and SpaceX.[2]

6. Defendant Terry Loveless has been a CNC machinist/programmer in the Dallas area since 1987, and he started with Bralco in April 2026:

---

[1] *See* https://bralco.com/ and https://bralco.com/locations/, last visited November 9, 2026.

[2] *See* https://bralco.com/resources/, last visited November 9, 2026.



[3]

Prior to using the pirated software at issue in this case, Loveless pirated GibbsCAM Software while working for another company.

7. As described more fully below, Defendant Loveless's intentional and willful downloading and use of pirated GibbsCAM Software constitutes direct copyright infringement and DMCA violations, and Defendant BRALCO committed vicarious and contributory copyright infringement by Loveless's use of pirated GibbsCAM Software for its benefit. BRALCO knew of and encouraged BRALCO

---

[3] *See*, https://www.linkedin.com/in/terry-l-b6323ab1/details/experience/?isSelfProfile=false&vieweeProfileId=ACoAABe0pPsBtf29ag837GIYdKMRb7ykCuJtEVs, last visited November 9, 2026.

employee Loveless's use of unlicensed GibbsCAM. GibbsCAM files this suit to protect its valuable intellectual property rights.

## THE PARTIES

8. Cimatron Gibbs LLC is a California limited liability corporation with a principal place of business located at 2545 W. Hillcrest Dr. Suite 210, Thousand Oaks, CA 91320 USA. GibbsCAM does business in this district and throughout this State.

9. Reliance, Inc. d/b/a BRALCO Metals is a Delaware Corporation with its principal place of business located at 16100 N. 71st Street, Suite 400, Scottsdale, Arizona 85254. BRALCO does business in this district and may be served through its registered agent, CT Corporation System, at1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10. On information and belief, Terry Loveless is an individual domiciled in this district and an employee of Defendant BRALCO. Loveless may be served at 410 Mars Drive, Garland, Texas 75040 or wherever he may be found.

## JURISDICTION AND VENUE

11. GibbsCAM brings its copyright infringement claims under 17 U.S.C. §§501 *et seq*. and its DMCA violation claim under 17 U.S.C. §§1201 *et seq*. This Court has original and exclusive jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Venue and personal jurisdiction in this District are proper under 28 U.S.C. §§ 1391(b)-(c) and/or 28 U.S.C. § 1400(a). BRALCO is domiciled in this district and the piracy of GibbsCAM Software is believed to have occurred in this District.

Loveless is an individual domiciled in this District, and/or participated in a substantial part of the acts of infringement complained of herein occurred in this District.

## BACKGROUND FACTS

### A. How GibbsCAM Software is Legally Purchased and Operated

13. GibbsCAM generally sells perpetual licenses and maintenance subscriptions to GibbsCAM Software. As long as a maintenance subscription is maintained, the customer has access to and may download updates and subsequent versions of the GibbsCAM Software, as well as associated user documentation.

14. To purchase a license to GibbsCAM Software, a customer must issue a purchase order to GibbsCAM or to an authorized reseller or sign an agreement. To download GibbsCAM Software from GibbsCAM, a customer must log in through their GibbsCAM account. Once GibbsCAM has obtained a signed contract or payment from the customer, the customer can log in to customer portal and download the executable files for the licensed GibbsCAM Software.

15. Once GibbsCAM has obtained a signed contract or payment from the customer, in a separate email, or through a download from the customer portal, GibbsCAM sends the customer a license key for the customer's copy of the purchased GibbsCAM Software. The license key is readable by the licensing tools that are integrated directly into the GibbsCAM Software and facilitates GibbsCAM Software license compliance for its products.

16. When a user installs a GibbsCAM Software program, and specifically when the user runs the executable files associated with the setup of a GibbsCAM Software program, a local copy of the GibbsCAM Software (the usable, object code version thereof) is created on the user's machine.

**B. Piracy of GibbsCAM Software**

17. Piracy of software occurs when users download, access, and reproduce software for which they have not purchased a valid license. The ease of digital replication of software lends itself to illegal copying of software, where users may make multiple copies of a software program, and then distribute the copies to users who have not made a legal purchase of a license to the software (*i.e.*, either distributing copies of the software for free or selling the copies of the software at deeply discounted prices).

18. To reduce the use of illegally copied software, software providers, including GibbsCAM, implement license verification technology that will prevent the software from functioning unless the user has legally purchased a license. This license verification technology may be a software mechanism, or a physical mechanism attached to a single computer. The license verification technology may be in the form of either a license key (*i.e.*, a series of numbers and letters sometimes stored in a computer file) that a user types in or that the software reads from a file during the software installation or launch process, or a hardware device, where the software will only operate correctly when the hardware device is attached to the computer executing the software. The license verification technology and the license

key are provided by the software provider to the buyer when the software is purchased legally. Users who have not made a legitimate purchase of a software license will not have access to the license key or hardware device provided by the software provider, and therefore the software will not function properly.

19. Software hackers reverse engineer the technological measures used to control access to the software and then provide processes and utilities to bypass the license verification technology, thus allowing unauthorized use of the software. The hackers' processes and utilities mimic the license verification technology (*e.g.*, keys, hardware devices, *etc.*) and allow pirated software to function as fully as legally purchased software. Software utilities that mimic the license verification technology are often referred to as "cracked" licenses. Software hackers may also create hacked versions of the software such that a license is not needed during installation.

20. Sophisticated websites exist where illegally obtained software, the software utilities that mimic the license verification technology, and hacked versions of the software may be downloaded and installed by those who do not want to pay for properly licensed software. Each hacked version of the software represents a lost sale and/or license for the company that owns the software and for resellers of the software (who may provide hardware installation and support, and software configuration, customization, and maintenance).

21. Software that has been hacked or modified to use a cracked license may also contain malware that can damage computer systems, and/or infiltrate the computer network and the data on the network. Software that has been hacked also

may not operate properly, negatively impacting the reputation of the software company that now has no oversight or control over the quality of the hacked versions of its software in use or the products produced by that software.

22. Pirated versions of the GibbsCAM Software cannot be downloaded and installed accidentally or innocently. Rather, downloading and installing pirated GibbsCAM Software is a multi-step process that requires willful and deliberate action to circumvent technological measures that are put in place to deter and detect such conduct.

**C. Piracy Detection and Reporting Security Software**

23. Piracy Detection and Reporting Security Software ("PDRSS") exists to identify instances of pirated software in use and provides the identity and location of organizations utilizing the pirated software to the software providers. Identification of pirated software allows the software providers to take legal action against intentional software piracy, notifying organizations and individuals of the illegal use of the software (and the potential malware problems that can accompany pirated software), and sell valid software licenses in the place of the previously illegally obtained software programs to recoup lost sales. GibbsCAM identifies pirated software in use through PDRSS which, along with the license verification technology, is a component of the technological measures used to control access to the software.

24. Software providers, such as GibbsCAM, embed the PDRSS within their software, validate the patterns and thresholds will trigger on pirated software.

25. Data reported from the embedded PDRSS generates a report that identifies, among other things, the software that has been pirated and the organizations utilizing the pirated software. Through the technological measures used to control access to the software, GibbsCAM collects this identifying information to determine when pirated and unlicensed versions of its GibbsCAM Software are being utilized.

**D. Defendants' Use of Pirated GibbsCAM Software**

26. GibbsCAM collects a large volume of data through the use of PDRSS that must be reviewed, analyzed, and investigated to determine and confirm the source of the infringement. Through review, analysis, and investigation of the PDRSS data (which included a list of specific IP addresses for each unauthorized installation, use, and reproduction), GibbsCAM discovered that Defendants used unlicensed and pirated GibbsCAM Software.

27. Defendant Loveless committed direct copyright infringement and DMCA violations when he downloaded pirated GibbsCAM Software, circumvented technological measures protecting the software, and used the unlicensed GibbsCAM Software in Defendant BRALCO's business. Loveless began using unlicensed GibbsCAM Software on or about October 7, 2025, before he began working for BRALCO. Between October 7 and December 15, 2025, GibbsCAM registered 167 call home events from Loveless's use of unlicensed GibbsCAM 25 Software.

28. According to Loveless's LinkedIn page, he began working for BRALCO approximately four months later in April 2026. On or about May 18, 2026, GibbsCAM

received more call home data indicating that Loveless used the same computer on which he used a cracked GibbsCAM license in 2025, to again use unlicensed GibbsCAM 25 software. GibbsCAM registered 16 call home events of unlicensed use of GibbsCAM 25 software between May 18 and June 25, 2026, and the call home data showed he accessed files with names like "C:\Users\tlove\OneDrive\Documents\Bralco********" and "C:\Users\tlove\OneDrive\Documents\Bralco**************". On or about July 1, 2026, Loveless cracked the 2026 version of GibbsCAM software, and GibbsCAM registered another 106 call home events by Loveless between July 1 and July 24, 2026, many of which show that Loveless accessed files including the name "Bralco."

29. WiFi Geolocation data from the call home events beginning in May 2026 show that Loveless's unlicensed use happened at Bralco's facility in Garland, Texas:




Defendant BRALCO committed vicarious and contributory copyright infringement by Loveless's use of pirated GibbsCAM Software for its benefit.

30. As a direct and proximate result of Defendants' acts of infringement, GibbsCAM has suffered damages and will continue to suffer damages through loss of substantial licensing revenue, and diminishment of the exclusivity, inherent value, and marketability of the GibbsCAM Software.

31. As a direct and proximate result of Defendants' acts of infringement, GibbsCAM has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

## THE INFRINGED COPYRIGHTS

32. GibbsCAM Software is protected by U.S. copyright registrations.

33. GibbsCAM Software is covered by U.S. Copyright Registrations. GibbsCAM owns U.S. Copyright Registration No. TX0009400986, registered on May 31, 2024, to Cimatron Gibbs LLC and titled "GibbsCAM 2024". Attached as Exhibit 1 is a true and correct printout from the U.S. Copyright Catalog for U.S. Copyright Reg. No. TX0009400986. GibbsCAM also owns U.S. Copyright Registration No. TX0009501525, registered on April 23, 2025, to Cimatron Gibbs LLC and titled "GibbsCAM 2025". Attached as Exhibit 2 is a true and correct printout from the U.S. Copyright Catalog for U.S. Copyright Reg. No. TX0009501525.

## COUNT 1
## DIRECT COPYRIGHT INFRINGEMENT OF
## U.S. COPYRIGHT REG. NOS. TX0009400986 AND TX0009501525
## (Defendant Terry Loveless)

34. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and fully set forth here.

35. GibbsCAM owns U.S. Copyright Reg. Nos. TX0009400986 and TX0009501525 which cover GibbsCAM Software.

36. Defendant Loveless knowingly and intentionally used two pirated copies of GibbsCAM Software beginning as early as October 7, 2025, and continued through July 24, 2026. The PDRSS data collected for Loveless's pirated use included Wi-Fi geolocation data at or near BRALCO's facility. Downloading and using pirated software is not done accidentally, and Loveless knows that. Defendant Loveless began using pirated GibbsCAM Software before working for BRALCO, then continued using

that pirated software when he started working at BRALCO, then cracked another copy of GibbsCAM while working at BRALCO. Loveless has no respect for GibbsCAM's intellectual property rights, but he clearly loves GibbsCAM Software. Defendant Loveless's actions demonstrate he willfully infringed U.S. Copyright Reg. Nos. TX0009400986 and TX0009501525 and will continue to do so unless enjoined by this Court.

37. As a direct and proximate result of Defendant Loveless's infringing acts, GibbsCAM has suffered and will continue to suffer injury and damages, including loss of substantial licensing revenue and diminishment of the exclusivity, inherent value, and marketability of the GibbsCAM Software. Unless such acts and practices are enjoined by the Court, GibbsCAM will continue to be injured in its business and property rights and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which GibbsCAM is entitled to relief.

38. Accordingly, Defendant Loveless has violated 17 U.S.C. § 501, and this violation is willful.

39. As a result of Defendant Loveless's infringement, GibbsCAM is entitled to actual damages and any additional profits of Defendant Loveless pursuant to 17 U.S.C. § 504(a)-(b) or statutory damages pursuant to 17 U.S.C. § 504(c).

40. GibbsCAM is entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

41. As a result of Defendant Loveless's infringement of GibbsCAM Software and its exclusive rights under copyright, GibbsCAM is also entitled to injunctive relief prohibiting Defendant Loveless from further infringing GibbsCAM's copyright.

**COUNT 2**
**VICARIOUS COPYRIGHT INFRINGEMENT OF**
**U.S. COPYRIGHT REG. NO. TX0009400986 AND TX0009501525**
**(Defendant BRALCO)**

42. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and fully set forth here.

43. To show vicarious infringement, a plaintiff must prove that a defendant: (1) has a direct financial interest in the infringing activity; and (2) has the right and ability to supervise the activity which causes the infringement. Intent or knowledge of the infringement is not an element of a claim for vicarious liability.

44. Defendant Loveless knowingly and intentionally used 2 pirated copies of GibbsCAM Software beginning as early as October 7, 2026, continued after he began working for BRALCO in April 2026, , and continued through July 24, 2026. As detailed above, Defendant Loveless's actions demonstrate he willfully infringed U.S. Copyright Reg. Nos. TX0009400986 and TX0009501525.

45. Defendant Loveless's infringing conduct consisted of hours of active time using the GibbsCAM Software over various sessions. On information and belief, Defendant Loveless was employed by Defendant BRALCO.

46. Defendant BRALCO had a direct financial interest in Defendant Loveless's infringing use of GibbsCAM Software, as the files Loveless was working on are replete with references to Bralco. On information and belief, Defendant

Loveless illegally used GibbsCAM Software for the benefit of Defendant BRALCO. Defendant BRALCO profited from its employee Loveless's direct infringement of U.S. Copyright Reg. Nos. TX0009400986 and TX0009501525.

47. Further, as its employee, Defendant BRALCO had the right and ability to supervise Defendant Loveless's direct infringement. Defendant BRALCO had the right and ability to prevent its employee from using pirated software for work-related purposes. Defendant BRALCO should have put systems in place at BRALCO to prevent employees, like Defendant Loveless, from using pirated software and from pirating new copies of software. It did not. Defendant BRALCO utterly failed to supervise Defendant Loveless. Rather, Defendant BRALCO encouraged Loveless's infringement of GibbsCAM Software.

48. Accordingly, Defendant BRALCO committed vicarious copyright infringement under 17 U.S.C. § 501.

49. As a result of the vicarious copyright infringement by Defendant BRALCO, GibbsCAM is entitled to actual damages and any additional profits of BRALCO pursuant to 17 U.S.C. § 504(a)-(b) or statutory damages pursuant to 17 U.S.C. § 504(c).

50. GibbsCAM is entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

51. As a result of Defendant BRALCO's infringement of GibbsCAM Software and its exclusive rights under copyright, GibbsCAM is also entitled to

injunctive relief prohibiting Defendant BRALCO from further infringing GibbsCAM's copyright.

**COUNT 3**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT OF**
**U.S. COPYRIGHT REG. NO. TX0009400986 AND TX0009501525**
**(Defendant BRALCO)**

52. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and fully set forth here.

53. A defendant may be held liable for contributory copyright infringement if, with knowledge of the infringing activity, it materially contributes to the infringing conduct of another. A claim for contributory infringement does not require a showing that the defendant intended to foster infringement. To establish a "material contribution" claim, a plaintiff must show that the defendant (1) had actual or constructive knowledge of the infringing activity, and (2) encouraged or assisted others' infringement, or provided machinery or goods that facilitated infringement.

54. Defendant Loveless knowingly and intentionally used 2 pirated copies of GibbsCAM Software beginning as early as October 7, 2026, continued after he began working for BRALCO in April 2026, , and continued through July 24, 2026. As detailed above, Defendant Loveless's actions demonstrate he willfully infringed U.S. Copyright Reg. Nos. TX0009400986 and TX0009501525.

55. Defendant Loveless's hours of use of cracked GibbsCAM Software is consistent with business use for an employer, not personal use. And the file names using the word "Bralco" show that Loveless's use was for BRALCO.

56. Defendant BRALCO had more than constructive knowledge of Defendant Loveless's infringing activity based on the nature of the infringing conduct. Defendant BRALCO knew they did not have a license to GibbsCAM Software and knew Loveless used pirated copies to do his job. Defendant BRALCO encouraged or assisted in Defendant Loveless's infringement so he could perform his job duties. In order for Defendant Loveless to do his machining job with pirated software, BRALCO provided him with at least a computer and machining machinery to use pirated GibbsCAM Software to do his job.

57. Accordingly, Defendant BRALCO committed contributory copyright infringement under 17 U.S.C. § 501.

58. As a result of Defendant BRALCO's contributory copyright infringement, GibbsCAM is entitled to actual damages and any additional profits of Defendant BRALCO pursuant to 17 U.S.C. § 504(a)-(b) or statutory damages pursuant to 17 U.S.C. § 504(c).

59. GibbsCAM is entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

60. As a result of Defendant BRALCO's contributory infringement of GibbsCAM Software and its exclusive rights under copyright, GibbsCAM is also entitled to injunctive relief prohibiting Defendant BRALCO from further infringing GibbsCAM's copyright.

**COUNT 4**
**VIOLATIONS OF DMCA**
**(Defendants BRALCO and Loveless)**

61. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and full set forth here.

62. GibbsCAM uses technological measures to control access to and copying of its GibbsCAM Software, and to prevent unauthorized access and unauthorized copying.

63. On information and belief, Defendants Loveless and BRALCO defeated the technological measures used to control access to the software every time he used the software, which has allowed Defendants Loveless and BRALCO to access and copy the valuable GibbsCAM Software without authorization. Defendants cracked and used the GibbsCAM Software at least 122 times in or near BRALCO's facility.

64. Defendants BRALCO's and Loveless's conduct has caused, and unless enjoined will continue to cause, irreparable harm to GibbsCAM, for example, through loss of substantial licensing revenue and diminishment of the exclusivity, inherent value, and marketability of GibbsCAM Software.

65. Accordingly, Defendants BRALCO and Loveless have violated 17 U.S.C. § 1201 and this violation is willful.

66. As a result of Defendants BRALCO's and Loveless's unlawful circumvention, GibbsCAM is entitled to actual damages and any additional profits of Defendants pursuant to 17 U.S.C. § 1203(c)(2) or statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

67. GibbsCAM is entitled to costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b).

**PRAYER FOR RELIEF**

GibbsCAM respectfully asks this Court to summon each Defendant to appear and answer this Complaint, and after being heard on the merits, grant judgment in favor of GibbsCAM as follows as:

(a) Find Defendant Terry Loveless liable for direct copyright infringement of U.S. Copyright Reg. Nos. TX0009400986 and TX0009501525;

(b) Find Defendant BRALCO liable for vicarious copyright infringement of U.S. Copyright Reg. Nos. TX0009400986 and TX0009501525;

(c) Find BRALCO liable for contributory copyright infringement of U.S. Copyright Reg. Nos. TX0009400986 and TX0009501525;

(d) Find each Defendants' copyright infringement was willful and knowing;

(e) Enter a preliminary and permanent injunction prohibiting all Defendants, and their agents, servants, and employees, and all persons acting in concert with or for them, from continuing to reproduce, distribute, display, disseminate, transmit, make available for download, or otherwise use GibbsCAM Software in any manner whatsoever appropriating or in violation of copyright;

(f) Order all Defendants and their agents, servants, and employees, and all persons acting in concert with or for them, to destroy all copies of GibbsCAM Software that Defendants have used and/or downloaded onto

any computer hard drive or server without authorization and to destroy copies of that downloaded software transferred onto any physical medium or device in Defendants' possession, custody, or control;

(g) Find Defendants for unlawful circumvention of technological measures used to control access to GibbsCAM Software in violation of the DMCA;

(h) Award GibbsCAM its actual damages and all Defendants' additional profits in an amount to be determined at trial;

(i) Award GibbsCAM statutory and other damages as provided under the Copyright Act and the DMCA;

(j) Order an accounting of the use and/or download by each Defendant of GibbsCAM Software;

(k) Order an accounting of any revenues or profits realized by or through each Defendants' use and/or download of GibbsCAM Software;

(l) Award GibbsCAM prejudgment and post judgment interest;

(m) Award GibbsCAM costs, attorneys' fees, and expenses arising from this suit; and

(n) Grant GibbsCAM such other relief as this Court deems just and proper.

**JURY DEMAND**

In accordance with FED. R. CIV. P. 38 and 39, GibbsCAM asserts its rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues that may be so tried.

Dated: November 19, 2026

Respectfully submitted,

DANIELS & TREDENNICK PLLC

*/s/ John F. Luman III*

John F. Luman III
Texas State Bar No. 00794199
Heath A. Novosad
Texas State Bar No. 24037199
DANIELS & TREDENNICK PLLC
6363 Woodway, Suite 700
Houston, Texas 77057
(713) 917-0024 – Telephone
(713) 917-0026 – Facsimile
luman@dtlawyers.com
heath.novosad@dtlawyers.com

Jennifer S. Richards
State Bar No. 24079262
RICHARDS LAW PLLC
6125 Luther Lane, Suite 301
Dallas, Texas 75225
Tel: (469) 480-4978
jrichards@richardslawpllc.com

**COUNSEL FOR CIMATRON GIBBS LLC**